**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JASMIN GALINDO, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:18-cv-02241 |
| SPARK ENERGY, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, JASMIN GALINDO, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of Defendant, SPARK ENERGY, INC., as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Automatic Telephone Dialers Act, 815 ILCS § 305 *et seq*. ("ATDA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Arcos' TCPA claim(s) pursuant to 28 U.S.C. §§ 1331 and 1337.

3. This Court has supplemental jurisdiction over Arcos' ATDA claim(s) pursuant to 28 U.S.C. § 1367.

4. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this District.

1

## PARTIES

5.   JASMIN GALINDO ("Galindo") is a natural person, over 18-years-of-age, who at all times relevant resided in this District.

6.   Galindo is a "person" as defined by 47 U.S.C. § 153(39).

7.   Galindo is a "subscriber" as defined by 815 ILCS § 305/5(e).

8.   SPARK ENERGY, INC. ("Spark Energy"), through its subsidiaries, operates as an independent retail energy services company in the United States. It operates through two segments, Retail Natural Gas and Retail Electricity. The company is involved in the retail distribution of natural gas and electricity to residential, commercial, and industrial customers. As of December 31, 2016, it operated in 90 utility service territories across 18 states and the District of Columbia, and had approximately 774,000 residential customer equivalents. Spark Energy, Inc. was founded in 1999 and is headquartered in Houston, Texas. Spark Energy, Inc. is a subsidiary of Retailco, LLC.

9.   Spark Energy is a "person" as defined by 47 U.S.C. § 153(39).

## GENERAL ALLEGATIONS

10.  Spark Energy develops marketing campaigns using a combination of sales channels, with an emphasis on door-to-door marketing and outbound telemarketing.[1]

11.  Spark Energy's vendors are essential to their telemarketing and door-to-door sales activities.

12.  Spark Energy's ability to increase revenues depends significantly on their access to high-quality vendors.

---

[1] http://ir.sparkenergy.com/static-files/bdcacc37-db17-4ec7-b09f-36e97077cea7

13.     If they are unable to attract new vendors and retain existing vendors to achieve their marketing targets, their growth will be materially reduced.

14.     Spark Energy is subject to liability under the TCPA for actions of their third party vendors who are engaging in outbound telemarketing efforts on their behalf.

15.     Upon information and belief, Spark Energy's outbound telemarketing efforts include the use of an automated telephone dialing system ("ATDS") to solicit energy services.

16.     The Federal Trade Commission ("FTC") has held that a basic function of an ATDS is the ability to dial thousands of numbers in a short time period.

17.     An ATDS allows its telemarketing agents – who, upon information and belief, are paid an hourly wage – to only communicate with consumers who answer their phone.

18.     Consequently, Spark Energy shifts the burden of wasted time to consumers with unsolicited calls and messages.

## FACTUAL ALLEGATIONS

19.     At all times relevant, Galindo was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1357.

20.     At all times relevant, Galindo was financially responsible for her cellular telephone equipment and services.

21.     On or before January 23, 2018, Spark Energy surreptitiously obtained Galindo's cellular telephone number ending in 1357.

22.     Spark Energy proceeded to place or cause others to place unconsented-to calls to Galindo using an ATDS as that term is defined by 47 U.S.C. § 227(a)(1).

23.     Spark Energy proceeded to place or cause others to place unconsented-to calls to Galindo using an autodialer or autodialer system as that term is defined by 815 ILCS § 305/5(a).

3

24.    Spark Energy played prerecorded messages, as that term is defined by 815 ILCS § 305/5(a), placed by an autodialer without consent.

25.    In total, Spark Energy placed or caused others to place no less than 13 unconsented-to calls to Galindo's cellular telephone on:

| | |
|---|---|
| January 23, 2018 at 6:21 PM | February 28, 2018 at 2:28 PM |
| February 2, 2018 at 11:30 AM | March 1, 2018 at 4:20 PM |
| February 12, 2018 at 3:08 PM | March 5, 2018 at 10:38 AM |
| February 16, 2018 at 1:37 PM | March 8, 2018 at 1:13 PM |
| February 20, 2018 at 10:26 AM | March 12, 2018 at 6:17 PM |
| February 22, 2018 at 3:44 PM | March 14, 2018 at 2:26 PM |
| February 26, 2018 at 11:24 AM | |

26.    On February 20, 2018, Galindo placed a call to Spark Energy to demand that they stop calling.

27.    On no less than thirteen occasions, Spark Energy left a pre-recorded message on Galindo's voicemail.

28.    At no time did Spark Energy obtain consent from Galindo to receive robocalls or pre-recorded messages to her cellular telephone number ending in 1357.

## DAMAGES

29.    Spark Energy's robocalls and pre-recorded messages have severely disrupted Galindo's everyday life and overall well-being.

30.    Spark Energy's robocalls and pre-recorded messages have resulted in intrusion and occupation of Galindo's cellular services, thus impeding receipt of other calls.

31.    Spark Energy's robocalls and pre-recorded messages have caused Galindo actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Galindo's cellular telephone capacity, wasting Galindo's time, the increased risk of personal injury resulting from the distraction caused by the

4

phone calls, decreased work productivity, aggravation and annoyance that accompanies unsolicited telephone calls, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

32.     Concerned about the violations of her rights and invasion of her privacy, Galindo sought counsel to file this action to compel Spark Energy to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)

33.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34.     Among other things, the TCPA prohibits certain calls to wireless and residential numbers unless the caller has the prior express consent of the called party.  47 U.S.C. § 227(b)(1)(A).

35.     Under the TCPA Consent Rules, some types of calls require prior express *written* consent, while other types of calls do not require that the consent be in writing.

36.     "Prior express *written* consent" is required for:

- All telemarketing/promotional calls/texts made using an ATDS placed to wireless numbers, and

- All artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.[2]

---

[2] 47 C.F.R. §§ 64.1200(a)(2), (a)(3).

37.     The TCPA Consent Rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

38.     Spark Energy placed or caused to be placed no less than 13 non-emergency calls to Galindo's cellular telephone number ending in 1357 utilizing an ATDS without Galindo's prior express written consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

39.     Spark Energy placed or caused to be placed no less than 13 non-emergency calls to Galindo's cellular telephone number ending in 1357 utilizing an artificial or prerecorded voice without Galindo's prior express written consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

40.     Upon information and belief, Spark Energy has no database to maintain and update consumers' contact preferences and consent to call them.

41.     Spark Energy has publicly acknowledged potential liability stemming from actions of third party vendors in violation of the TCPA; yet continues to employ these third party vendors to engage in outbound telemarketing efforts on their behalf to increase revenues at consumers' expense.[3]

42.     As a result of Spark Energy's violations of 47 U.S.C. § 227 *et seq*., Galindo is entitled to receive $500.00 in damages for each such violation.

---

[3] http://ir.sparkenergy.com/static-files/bdcacc37-db17-4ec7-b09f-36e97077cea7

43.     As a result of Spark Energy's *knowing and willful violations* of 47 U.S.C. § 227 *et seq*., Galindo is entitled to receive up to $1,500.00 in treble damages for each such violation.

WHEREFORE, Galindo requests the following relief:

a.      find that Spark Energy violated 47 U.S.C. § 227 *et seq*.;

b.      enjoin Spark Energy from placing or causing to place calls to Galindo;

c.      award damages of $500.00 for each such violation;

d.      award treble damages up to $1,500.00 for each such violation; and

e.      grant any other relief deemed appropriate and equitable.

## COUNT II:
### Automatic Telephone Dialers Act (815 ILCS § 305 *et seq*.)

44.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

45.     From January 23, 2018 to March 14, 2018, Spark Energy played prerecorded messages placed by an autodialer without Galindo's consent in violation of 815 ILCS § 305/30(b).

46.     The prerecorded messages played from January 23, 2018 through March 14, 2018 lasted over 30 seconds in length before they were terminated.

47.     The autodialer did not utilize a live operator; and therefore, did not inquire at the beginning of the call whether Galindo consented to hear the prerecorded message.

48.     From January 23, 2018 through March 14, 2018, Spark Energy made or caused to be made telemarketing calls to Galindo utilizing an autodialer in violation of 815 ILCS § 305/30(a).

49.     As a result of Spark Energy's violations of 815 ILCS § 305 *et seq*., Galindo is entitled to receive $500.00 in damages for each such violation.

50.     As a result of Spark Energy's *knowing and willful violations* of 815 ILCS § 305 *et seq*.,

Galindo is entitled to receive up to $1,500.00 in treble damages for each such violation.

WHEREFORE, Galindo requests the following relief:

a.      find that Spark Energy violated 815 ILCS § 305/30(a);

b.      find that Spark Energy violated 815 ILCS § 305/30(b);

c.      enjoin Spark Energy from placing or causing to place calls to Galindo;

d.      award damages of $500.00 for each such violation;

e.      award treble damages up to $1,500.00 for each such violation; and

f.      grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

March 28, 2018                                          Respectfully submitted,

                                                        */s/ Joseph Scott Davidson*

                                                        Joseph Scott Davidson
                                                        Mohammed Omar Badwan
                                                        **SULAIMAN LAW GROUP, LTD.**
                                                        2500 South Highland Avenue
                                                        Suite 200
                                                        Lombard, Illinois 60148
                                                        +1 630-575-8181
                                                        jdavidson@sulaimanlaw.com
                                                        mbadwan@sulaimanlaw.com

                                                        *Counsel for Jasmin Galindo*